## FRANCISCO v
## CUYAHOGA FALLS (city) et

Ohio Appeals, 9th Dist, Summit Co

No 2618.   Decided July 8, 1935

A. J. Bianchi, Akron, and C. T. Pflueger, Jr., Akron, for plaintiff.

NICHOLS, J, (7th Dist) sitting in place of WASHBURN, J.

would accept for said balance of the cost of said plant, and agree that said bonds should be redeemed only from the difference in the amount now paid by said city and its inhabitants for the electric current. used, over and above the cost of the production of electric current in such new generating plant—provided the city and others to whom electric current would be furnished from such new plant would continue to. pay the rates now paid for electric current, until said bonds were all redeemed. .

In the case of **Village of Brewster v Hill, 128 Oh St 343,** the Supreme Court of Ohio held that such an agreement with a municipality is illegal. There surely could be no bad faith or abuse of discretion in the repeal of the ordinance to construct a generating plant under such an arrangement.

Second, as to the conduct of council in passing an ordinance on June 28, 1934, re-enacting, except for modifications in four particulars, an ordinance passed June 8, 1934, authorizing the preparation of plans and specifications for the construction of a substation in said city, and in adding an emergency clause to said re-enacted ordinance.

Plaintiff claims that said ordinance was re-enacted largely, if not entirely, for the purpose of attaching an emergency clause, in order to prevent a referendum thereon, and that it was accordingly fraudulently enacted.

Defendants admit that said emergency clause was attached to said ordinance for the purpose of preventing a referendum thereon, but maintain that an emergency did in fact exist.

It seems well settled in Ohio that courts are not warranted in interfering with legislative discretion in the mere attaching of an emergency clause to an enactment of the legislative body.

State ex Durbin v Smith, supra.

Holcomb v State ex Coxey, supra.

South Euclid v Bilkey, supra.

Plaintiff adduced no evidence of fraud or official misconduct in the passage of this or any of the other ordinances in reference to said improvement, other than such inferences as plaintiff attempts to draw from the mere fact that said council repealed the ordinance to construct a generating plant after said ordinance had been approved by a referendum vote, and repealed the ordinance authorizing plans for a substation and re-enacted it, in a modified form, for the purpose of attaching an emergency clause, and thereby preventing a referendum thereon.

There is no claim that all ordinances and

## OPINION

By FUNK, PJ.

First, as to plaintiff's claim that council had no right to repeal an ordinance that had been approved by a referendum vote, or that council at least should not repeal such an ordinance so soon after it had been so approved, and that it was evidence of fraud or bad faith to do so. :

It is well settled, under the present law in Ohio, that a noncharter city (as the defendant city in this case is) may repeal an ordinance at any time, even though it be an ordinance approved by a referendum vote or is an initiated ordinance.

State ex Durbin v Smith, 102 Oh St 591, at p. 599.

Holcomb v State ex Coxey, 126 Oh St 496.

South Euclid v Bilkey, 126 Oh St 505.

State ex Singer v Cartledge, 129 Oh St 279.

Furthermore, the undisputed evidence discloses that about the time the ordinance to construct a steam-driven electric light and power plant was passed and approved by referendum vote, the officials of said city had before them a proposition made by some company, which was in substance that said company would construct such plant for the city for a nominal sum in cash and the balance in bonds of said city, which balance would amount to about $350,000 to $400,000, and which bonds said company

resolutions pertaining to said improvement were not regularly passed and approved by the mayor, or that those repealed were not regularly repealed, or that the emergency clause attached to said ordinance No. 1-1935 was not properly passed, or that any of said ordinances and resolutions are unconstitutional.

Furthermore, it is admitted by the testimony of the witnesses on both sides that the present substation is in bad condition, and that it should be either repaired or a new substation or generating electric plant constructed at the earliest time possible, so that there is no question but that an emergency exists. We accordingly find no merit in the contention that the emergency clause was improperly attached to any of the ordinances pertaining to said improvement and offered in evidence in this case.

Third, as to the question as to whether the old substation should be repaired or a new substation constructed on the old or a new site, or whether the amount appropriated for its construction is too much, the evidence adduced clearly shows that this contention of plaintiff is nothing more than a claim that council used poor judgment in deciding to construct a new substation on a new site, instead of repairing the substation now in use on the so-called old site, or building a new generating plant of its own, and that plaintiff is seeking to control the legislative discretion of council.

In this connection it should be observed that the evidence clearly shows that the present substation at the so-called old site is in a city park in a district zoned for residential purposes, and that the property owners in that vicinity have filed a written protest with the city council against locating the new substation on said old site.

The evidence further shows that the land constituting said "old site" is too small and not advantageously shaped or located, and that to put the new substation at the "old site" would create a cramped situation, not only for the plant itself but for the approach to it, while the proposed new site obviates all these objections.

Under the evidence in this case, we hold that no fraud or abuse of discretion, on the part of defendants, has been shown by plaintiff, and that therefore plaintiff is not entitled to the injunction sought by him.

A decree may be drawn as in the court below, dissolving the temporary injunction and dismissing the petition at plaintiff's costs.

STEVENS and NICHOLS, JJ, concur in judgment.